William A. Delgado (Bar No. 222666)
wdelgado@willenken.com
WILLENKEN WILSON LOH & LIEB LLP
707 Wilshire Blvd., Suite 3850
Los Angeles, CA 90017
Tel: (213) 955-9240
Fax: (213) 955-9250

Attorneys for Plaintiff
OVERSEE.NET

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OVERSEE.NET, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SIMPLE SOLUTIONS, LLC, a Delaware limited liability company, and HCB, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.: CV09-8154-ODW(RZx)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Assigned to the Hon. Otis D. Wright II<br><br>Date: April 12, 2010<br>Time: 1:30 p.m.<br>Courtroom: 11 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

Defendants' Motion to Dismiss ("Motion") is based on the singular premise that dismissal is appropriate under the "first-to-file" doctrine. While Oversee does not dispute that the first-to-file doctrine should be applied in this case, Ninth Circuit precedent makes clear that the appropriate remedy is a *stay* of this action and not a dismissal. Because the jurisdiction of the court in the first-filed action is uncertain, a stay of this action would avoid potential statute of limitations problems from arising, should the first-filed action be dismissed for lack of personal or subject matter jurisdiction.

That being the case, Defendants' arguments about efficiency and judicial economy are beside the point. Judicial economy might be in peril when two identical cases proceed forward together, but Oversee is not asking that this case proceed. It agrees that a stay would be appropriate to conserve the resources of the parties and the courts.

Accordingly, this Court should deny Defendants' Motion and, instead, stay this action pursuant to the first-to-file doctrine, pending resolution of the jurisdictional challenge in the first-filed Virgin Islands Action.

## Statement of Facts

I.   The Virgin Islands Action

1. On February 12, 2007, Defendants filed an action for repudiation and breach of contract against Oversee in the District Court of the Virgin Islands, entitled *HCB, LLC & Simple Solutions, LLC v. Oversee.net*, No. 3:07-cv-00029-CVG-GWB (the "Virgin Islands Action"). *See* Declaration of A. Jennings Stone in Support of Defendants' Motion to Dismiss First Amended Complaint ("Stone Decl.") Ex. A.

2. Oversee filed a motion to dismiss for lack of personal jurisdiction, which was denied on September 16, 2009. Mot. at p. 2:17-23.

3. On September 29, 2009, Oversee filed a motion for reconsideration of the order denying the motion to dismiss. *See id.* Ex. E at 7 (# 66). The motion for reconsideration is currently pending. Mot. at p. 2:24-3:2.

II. The California Action

4. On November 6, 2009, Oversee filed a complaint for breach of contract and fraud against Defendants in the United States District Court for the Central District of California (the "Complaint").

5. On February 8, 2010, Oversee filed a First Amended Complaint dismissing the John Doe Defendants.

**Argument**

I. THIS ACTION SHOULD BE STAYED, RATHER THAN DISMISSED, PURSUANT TO THE "FIRST-TO-FILE" DOCTRINE.

Oversee does not dispute that the Virgin Islands Action should be given priority under the "first-to-file" doctrine. However, given the pending jurisdictional challenge in the Virgin Islands Action, Ninth Circuit precedent makes clear that the appropriate remedy is staying, not dismissing, this action. *See Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 627, 629 (9th Cir. 1991) (concluding that "the fact that the Florida court's jurisdiction over [defendant's] Board appeal is questionable weighs against *dismissing* the instant litigation" and reversing district court's dismissal in favor of a stay); *see also Intersearch Worldwide, Ltd. v. Intersearch Group, Inc.*, 544 F. Supp. 2d 949, 963 (N.D. Cal. 2008) ("If there are concerns regarding the availability of remedies in the court of first filing, or regarding its jurisdiction over claims which might implicate a statute of limitations if dismissed by that court, . . . then the court of second

filing should consider a stay.").

In *Alltrade*, defendant-appellee filed an action in the Southern District of Florida alleging various causes of action and seeking review of certain aspects of a decision in its favor of the Trademark Trial and Appeal Board (the "Board"). *Alltrade*, 946 F.2d at 624. The next day, unaware of the Florida action, plaintiff-appellant filed an action for a declaratory judgment and seeking review of the Board's decision in the Central District of California. *Id.* The California district court applied the first-to-file rule and dismissed the California action. *Id.* Meanwhile, plaintiff had filed a motion to dismiss in the Florida action, arguing that "the Florida district court lack[ed] jurisdiction to hear that portion of [defendant's] action purporting to appeal the Board's decision." *Id.* at 625. In reversing the California district court's dismissal order in favor of a stay, the Ninth Circuit stated:

> Although this court has on past occasions affirmed dismissal of second-filed actions, . . . we find that the district court erred in this case. As discussed earlier, doubts remain about the propriety of [defendant's] appeal of the Board decision in Florida. While some district courts have ruled that such jurisdictional uncertainty warrants an exception to the first-filed rule, . . . *at the very least it counsels against outright dismissal.*
> Indeed, were the Florida district court to dismiss [defendant's] appeal, [plaintiff] would have to file a new suit in California and would risk encountering statute of limitations problems. In such cases, where the first-filed action presents a likelihood of dismissal, the second-filed suit should be stayed, rather than dismissed.

*Id.* at 628-29 (emphasis added) (citations and footnotes omitted).

Here, similarly, the jurisdiction of the Virgin Islands district court is questionable as there is a pending motion pertaining to the Virgin Island court's jurisdiction over that case. *See supra*. Out of an abundance of caution, Oversee filed this action instead of filing counterclaims in the Virgin Islands Action for two reasons:

(i) to preserve its jurisdictional defenses while the motion for reconsideration is still pending and (ii) to ensure that its claims are brought prior to the expiration of the limitations period. *See* Joint Stipulation Requesting a Stay of Action at ¶ 4. If the Virgin Islands district court grants Oversee's motion for reconsideration and the Virgin Islands Action is dismissed, and this lawsuit had been dismissed, then Oversee would have to file a new suit in California and, perhaps, risk encountering statute of limitations problems.[1] Accordingly, this action should be stayed instead of dismissed.[2] *See Alltrade*, 946 F.2d at 629 ("[I]n light of the motions to dismiss and to transfer pending in the Florida district court, and of the [jurisdictional] questions regarding [defendant's] right to appeal the Board's decision, we reverse the order of dismissal in favor of a stay.").

Nothing contained in Defendants' moving papers is to the contrary. First, Defendant spends a significant amount of time arguing in favor of judicial economy and comprehensive disposition of litigation and against unnecessary burden and conflicting judgments. It cites to *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982) for the principle that "the court which first acquired jurisdiction should try the lawsuit and no purpose would be served by proceeding with a second action."

Here, those concerns are not present. The worry in *Pacesetter* is premised on the idea of "***proceeding*** with a second action." But, Oversee is not asking that the parties proceed with this lawsuit at this time. To the contrary, Oversee acknowledges that the parties and the courts are best served by *not* proceeding but, rather, by entering into a

---

[1] Defendants' statement that the Virgin Islands district court would "likely transfer the Virgin Islands Action to the Central District of California *in lieu* of dismissal" is wholly unsupported speculation and provides no basis for dismissing this action. Mot. at 7.

[2] Of course, if Oversee's motion for reconsideration is denied in the Virgin Islands Action, and Oversee did not voluntarily dismiss this case, the Court could always set an order to show cause why the stay should not be lifted and this case dismissed.

stay of the proceedings until the jurisdictional question is resolved in the Virgin Islands Action.

Second, in its moving papers, Defendants acknowledges the authority which held that a stay is preferable to dismissal. Defendant acknowledges that "the *Alltrade* court ordered that the California suit should be stayed while certain jurisdictional ambiguities were resolved by the Florida court." Mot. at 5:9-11. Defendants go on to admit that "[t]he proper remedy for a second-filed action such as this is for dismissal *or stay*." Mot. at 6:9-10 (emphasis added).

Third, Defendants' argument as to why the case should be dismissed as opposed to stay is incomprehensible. Oversee has legitimate claims against Defendants, and it seeks to assert these claims in the proper venue. Unfortunately, because a fundamental jurisdictional question has not been resolved, there is a pending dispute as to where that venue is. To avoid any potential issues regarding a statute of limitations defense and to preserve its jurisdictional defense in the Virgin Islands Action, Oversee properly filed its lawsuit here. Contrary to Defendants' insinuations, there was nothing improper about Oversee's filing of this lawsuit. In fact, not only was it proper, it was the smart thing for Oversee to do to preserve its legal rights.

Fourth, logic clearly supports a stay over outright dismissal[3]. If this case is dismissed and the Virgin Islands action is also dismissed, the end result would undoubtedly be the re-filing of this case followed by complex (and unnecessary) motion practice as on a statute of limitations defense. That is precisely the result which the Ninth Circuit sought to avoid in *Alltrade* when it reversed a district court's

---

[3] Defendants' request for dismissal *with prejudice* is particularly improper. Defendant's request—essentially a dismissal for improper venue—is not an adjudication "on the merits" warranting such a dismissal. *Cf. In re Hall, Bayoutree Associates, Ltd.*, 939 F.2d 802, 804 (9th Cir. 1991) ("A determination of improper venue does not go to the merits of the case and therefore must be without prejudice.") *citing Costello v. United States,* 365 U.S. 265, 285-286, 81 S. Ct. 534, 544-545, 5 L. Ed. 2d 551 (1961) (dismissal on grounds outside the merits of a claim ordinarily does not bar a subsequent action on the same claim).

dismissal in favor of a stay. *Alltrade*, 946 F.2d at 628-29. On the other hand, a stay does not affect the Virgin Islands Action at all. A stay casts no shadow and certainly does not "typif[y] the exact burden on judicial resources that the Supreme Court in *Kerotest* sought to avoid." To the contrary, a stay imposes no burden. And, most importantly, if the Virgin Islands Action is dismissed, this case can simply proceed at that time.

## Conclusion

For all the foregoing reasons, Oversee respectfully requests that Defendants' Motion to Dismiss be denied, and that the Court stay this action pending a decision on Oversee's motion for reconsideration in the Virgin Islands Action.

DATED: March 22, 2010                    WILLENKEN WILSON LOH & LIEB LLP


By: */s William A. Delgado*               .
    William A. Delgado
    Attorneys for Plaintiff
    Oversee.net

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Electronic Service List for this Case.

Respectfully submitted this 22nd day of March 2010.

DATED: March 22, 2010　　　　　　WILLENKEN WILSON LOH & LIEB LLP


　　　　　　　　　　　　　　　　By: */s William A. Delgado*　　　　　　．
　　　　　　　　　　　　　　　　　　William A. Delgado
　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　Oversee.net